# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

| | |
|---|---|
| LEAFORD WALKER,<br><br>    Plaintiff,<br><br>v.<br><br>PRINCE GEORGE'S COUNTY, MARYLAND;<br>P.O. KEVON LEWIS;<br>P.F.C. WILLIE STOVER; and<br>P.O. ERIC BEALE;<br><br>    Defendants. | Civil Action No. TDC-15-2274 |

## MEMORANDUM ORDER

On June 15, 2015, Plaintiff Leaford Walker filed this action under 42 U.S.C. § 1983 in the Circuit Court for Prince George's County, Maryland. Defendant Prince George's County ("the County") was served with a summons and the Complaint on July 6, 2015. On August 4, 2015, the County removed this case to this Court pursuant to 28 U.S.C. § 1441(a). The remaining Defendants (the "Officer Defendants") did not join in or consent to that removal. On August 7, 2015, the state court docketed returns of service for the Officer Defendants indicating that each was served on July 8, 2015.

Pending before the Court are Walker's Motion to Remand, ECF No. 15, and the County's Motion to Dismiss Plaintiff's Complaint or in the Alternative for Summary Judgment, ECF No. 17. For the reasons set forth below, both motions are DENIED.

I.     **Motion to Remand**

When a case is removed to federal court under § 1441(a), "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A) (2012); *see also Humphries v. Elliott Co.*, 760 F.3d 414, 417 (5th Cir. 2014) (stating that when a case is removed under § 1441 "only co-defendants who have been "properly joined *and served*" must join in or consent to the removal) (emphasis in original) (citing 28 U.S.C. § 1446(b)(2)(A))); 14C Charles Alan Wright *et al.*, *Federal Practice and Procedure* § 3730 ("[D]efendants who have not been properly served may be ignored ... for the purpose of requiring their joinder in the notice of removal."). Walker contends that all of the defendants in this action were properly joined and served prior to the County's filing of the Notice of Removal, so the County was required to secure the consent of the Officer Defendants to effect a proper removal. Walker asserts that because the County failed to do so, removal was improper and the case must be remanded back to state court.

The County, however, responds that the case should not be remanded because the Officer Defendants were improperly served. The affidavits of service for each of the Officer Defendants indicates that the summonses directed that the Officer Defendants be served at the headquarters of the Prince George's County Police Department ("PGCPD") in Palmer Park, Maryland. Instead, the Officers were "SUBSTITUTE served" at 5135 Indian Head Highway, Oxon Hill, Maryland, the location of the District IV Station of the PGCPD, and the summonses and complaints were given to "Refused to Give First Name Beard" who was serving as a "Clerk." *See* Mot. Remand, Ex. 1 (copies of Returns of Service) (capitalization in original), ECF No. 15-2. Service on the Officer Defendants was thus effected at their place of business and not upon the Officers themselves, but on an unnamed PGCPD employee who accepted service on their

behalf. PGCPD policy, however, expressly forbids any police department employee from accepting service of process on behalf of another employee, with a few exceptions not relevant here. *See* Resp. Opp'n Mot. Remand Ex. 7, ECF No. 18-7.[1]

Under Federal Rule of Civil Procedure 4, an individual may be served by (1) delivering a copy of the summons and complaint to the individual personally, (2) leaving a copy of the summons and complaint at the individual's place of residence, as long as those documents are entrusted to another resident of that home of suitable age and discretion, or (3) delivering the summons and complaint to an agent authorized by law to receive service of process on that individual's behalf. Fed. R. Civ. P. 4(e)(2). The returns of service here indicate that none of these forms of service has been accomplished. The summonses and complaints were delivered to the Officer Defendants' place of work, rather than their residences, and were delivered to an individual whom the Officer Defendants could not, by PGCPD policy, authorize to accept service on their behalf.

Rule 4 also allows service to be effected in accordance with the laws of the state in which the relevant district court sits, in this case, Maryland. Fed. R. Civ. P. 4(e)(1). Under Maryland law, service of process on an individual largely tracks service under the federal rules, except that Maryland also allows an individual to be served by "mailing to the person to be served a copy of the summons, complaint, and all other papers filed with it by certified mail requesting: 'Restricted Delivery--show to whom, date, address of delivery.'" Md. Rule 2-121 (2015). Here, there is no indication that Walker has attempted to and succeeded in effecting service on the Officer Defendants by this method. Thus, the Officer Defendants have not been properly served.

---

[1] The Court takes judicial notice of this provision of the policy as a fact that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

Accordingly, when the County removed this case to federal court, it was the only properly joined and served defendant. The County's removal was therefore proper. *See* 28 U.S.C. 1446(b)(2)(A). Walker's Motion to Remand is denied.

## II. Motion to Dismiss

Because Walker has failed to serve the Officer Defendants, the County asks that the claims against those defendants be dismissed or that summary judgment be entered in their favor. As an initial matter, because absolutely no facts relating to the merits of Walker's claim have been adduced in this case, summary judgment would be premature. That aspect of the County's motion is thus denied. As to the County's Motion to Dismiss, the County asserts that the Officer Defendants are entitled to dismissal because they were improperly served. Although the County references Federal Rule of Civil Procedure 12(b)(2), which relates to personal jurisdiction, the Motion is properly construed as brought pursuant to Rule (12)(b)(5), which provides that claims may be dismissed for insufficient service of process.

The propriety of dismissal under Rule 12(b)(5) is left to the sound and broad discretion of the court. Fed. R. Civ. P. 12(b)(5); *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992). Here, discretion counsels in favor of allowing Walker a second opportunity to effect service on the Officer Defendants. Walker acted promptly in initially attempting to serve those Defendants. Indeed, he hired a professional process server and relied on that process server's representations that service had been properly effected. Because Walker was diligent in those ultimately failed efforts, he has demonstrated a good-faith effort to comply with the relevant procedural rules and requirements. Nor can Walker be faulted for not attempting to serve the Officer Defendants while these motions remained unresolved on this Court's docket. Because Walker has not demonstrated any lack of due diligence, and any delay in this case cannot be ascribed to him, the

Court denies the County's Motion to Dismiss for improper service of process and instead will grant Walker additional time to serve the Officer Defendants. *Cf. Umbenhauer*, 969 F.2d at 30 ("[D]ismissal of a complaint is inappropriate when there exists a reasonable prospect that service may yet be obtained.").

Accordingly, it is hereby ORDERED that:

1. The July 8, 2015 service of the Officer Defendants is QUASHED;

2. Walker's Motion to Remand, ECF No. 15, is DENIED;

3. The County's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, ECF No. 17, is DENIED; and

4. Walker is granted 60 days from the date of this Order to serve the Officer Defendants.

Date: April 18, 2016

THEODORE D. CHUANG
United States District Judge